[L. A. No. 10160.   Department Two.—February 21, 1928.]

In the Matter of the Estate of LEWIS R. MORRIS, Deceased. NELLIE J. MORRIS, Appellant, v. BARNETT MORRIS, Respondent.

John J. Craig for Appellant.

McPherrin & Ottofy and J. Frank Ottofy for Respondent.

RICHARDS, J.—This is an appeal from an order denying the application of the appellant for letters of administration in the matter of the estate of Lewis R. Morris, deceased. The application of the appellant for such letters was made upon the alleged ground that she was the lawful widow of said deceased and as such the proper party to be appointed administratrix of his estate. The trial court denied her application after a hearing thereon, upon the ground that said applicant was not the lawful widow of the decedent, and upon findings of fact wherein it set forth the basis of

its conclusion in that regard, and which findings of fact are fully supported by the evidence in the case; and from which it appears that Lewis R. Morris, the decedent, was, prior to July, 1922, lawfully married and living with his wife, Margaret Morris, in Chicago, Illinois; that in July, 1922, having become enamored of the appellant herein, he deserted his said wife in said city and removed to Los Angeles, where he was joined by the appellant and where for the following two years or more they lived together in adultery but as man and wife. In March, 1925, the said Lewis R. Morris, while so living with the appellant, filed an action for divorce from his lawful wife Margaret in the superior court of Los Angeles County; that service was had by publication, the proof thereof showing Margaret to be then living in Chicago, and that an interlocutory decree of divorce was granted upon such showing on December 9, 1925, which interlocutory decree was docketed and entered in said court on December 15, 1925. On December 26, 1925, Lewis R. Morris and the appellant proceeded to Tia Juana and there entered into what purported to be a marriage, immediately after which they returned to Los Angeles, where they continued to reside until the death of the decedent on January 19, 1927; that a final decree of divorce between said decedent and his wife Margaret was docketed and entered on December 22, 1926; that no marriage ceremony other than that performed in Tia Juana ever occurred between the deceased and the appellant. ▉ The evidence in the case abundantly shows that the appellant during all of the times between July 22, 1922, and the date of her said purported marriage to Lewis R. Morris in Tia Juana, knew that he had a lawful wife living and also knew of the fact of said divorce proceeding and of the making and entry of the interlocutory decree therein. It is true that the appellant upon the hearing of her said application testified that at the time of her marriage with the deceased she did not know that his lawful wife was still living and did not know of the institution and result of said divorce proceeding. But her testimony in these respects is directly contradicted and is found to be untrue by the express findings of the trial court, in connection with which the court further found that the appellant, knowing of the fact that Lewis R. Morris had a lawful wife

still living, went with him to Tia Juana and had the marriage ceremony between herself and the deceased performed there for the sole purpose of attempting to evade and avoid the force and effect of the laws of California. The foregoing facts sufficiently supporting the findings of fact and conclusions of law of the trial court were such as would fully justify its order refusing to appoint the appellant administratrix of the estate of Lewis R. Morris, deceased, upon the ground that she was not his lawful wife. The cases of *Wilcox* v. *Wilcox*, 171 Cal. 770 [155 Pac. 95], and *Estate of Hughson*, 173 Cal. 453 [160 Pac. 548], cited by the appellant, afford her no comfort upon this appeal, since the presumption in favor of the validity of marriage referred to in those cases was fully overthrown by the evidence presented in the instant case. Neither can the appellant derive any support from the provisions of section 61 of the Civil Code, which declare that, with certain exceptions, "a subsequent marriage contracted by any person during the life of a former husband or wife of such person with any person other than such former husband or wife, is illegal and void from the beginning," and which further provides that "in no case can a marriage of either of the parties during the life of the other be valid in this state if contracted within one year after the entry of an interlocutory decree in a proceeding for divorce." The appellant utterly failed to bring herself within the exceptions noted in said section of the Civil Code and there was, therefore, no basis either for her application to be appointed administratrix of the estate of Lewis R. Morris, deceased, upon the ground that she was his lawful wife and widow, or for her appeal to this court from the order denying her said application.

This is a gross case of a plainly frivolous appeal, having for its only apparent purpose delay in the course of administration of said estate. For that reason a penalty of one hundred dollars for the taking and prosecution of a frivolous appeal is hereby imposed upon the appellant herein, the same to be charged as costs against the appellant and paid to said estate.

The order is affirmed.

Langdon, J., and Shenk, J., concurred.